1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TI PAYMENTS LLC,

        Plaintiff(s),

  v.

BEYOND WEALTH PTE LLC,

        Defendant(s).

Case No. 2:20-CV-1405 JCM (VCF)

ORDER

   Presently before the court is the magistrate judge's report and recommendation ("R&R"), (ECF No. 151), on plaintiff T1 Payment LLC's motion to disqualify defendant Beyond Wealth PE LLC's counsel, (ECF No. 90). Plaintiff objected, proposing a modification, (ECF No. 155), to which defendant responded, (ECF No. 159).

   Also before the court is Rome & Associates' motion to withdraw as counsel for defendant. (ECF No. 153). Plaintiff responded, (ECF No. 158), to which defendant replied, (ECF No. 162).

   The magistrate judge has recommended that this court grant in part and deny in part plaintiff's motion to disqualify defendant's counsel, (ECF No. 90). Specifically, defendant's counsel Bradley O. Cebeci ("Cebeci"), "his firm, [Rome & Associates,] and his co-counsel should not be disqualified, but the Court should impose the following sanctions and conditions:"

  1. The Court should admonish and sanction attorney Cebeci: it should revoke Cebeci's privilege to practice pro hac vice in this case; and

  2. The Court should impose conditions upon Cebeci's firm Rome & Associates and order it to (1) screen Cebeci from this case going forward, and (2) certify that Cebeci has been screened from this case and that he will not share in any fees going forward by filing a notice with this Court regarding the screening

James C. Mahan
U.S. District Judge

(ECF No. 151).  In its objection, plaintiff concurs that this court should accept the magistrate judge's findings that:

> "T1 has met its burden to show that an attorney-client relationship with [Mr.] Cebeci existed and that the current representation is a[d]verse to T1", . . . ; "T1 has shown that [Mr.] Cebeci is attacking his own work product" and that "[Mr.] Cebeci's actions here are unethical," . . . ; and Mr. Cebeci should not be permitted to represent Beyond Wealth in this matter.

(ECF No. 155).  However, plaintiff objects to the adoption of the remainder of the magistrate judge's findings.  (*Id.*).  Plaintiff proposes that this court instead find that:

> Mr. Cebeci's former representation of T1 Payments and his current representation of Beyond Wealth are "substantially related," resulting in a conflict of interest under Nevada Rule of Professional Conduct (RPC) 1.9(a); Disqualification of Mr. Cebeci is warranted under the circumstances; Mr. Cebeci's conflict of interest must be imputed to Rome & Associates, resulting in the firm's disqualification; and Mr. Cebeci's conflict of interest should be further imputed to his co-counsel, Wellman & Warren and the Boyack Law Group, resulting in their disqualification.

(*Id.*).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed.  *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

This court declines to modify the magistrate judge's recommendation and adopts it in its entirety.  (ECF No. 151).  The matters in question were not "substantially related" under the test

James C. Mahan
U.S. District Judge

1    for disqualification.  *Nevada Yellow Cab Corp. v. Eighth Jud. Dist. Ct.*, 123 Nev. 44, 50 (2007).

2    The magistrate judge correctly weighed the factors stated in *Waid v. Eighth Jud. Dist. Ct.*:

> (1) make a factual determination concerning the scope of the former representation;
>
> (2) evaluate whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters; and
>
> (3) determine whether that information is relevant to the issues raised in the present litigation.

121 Nev. 605, 610 (2005).  Reviewing *de novo*, this court finds no reason to depart from the magistrate judge's reasoning.  Indeed, "[t]his is not a close case since Cebeci advised T1 on compliance issues and in 2016 T1 allegedly complied with payment processing rules." (ECF No. 151).  Furthermore, plaintiff has failed to identify what such confidential information would be or that it is "reasonable to infer" that such information was given.  *Sanchez v. American Family Mutual Insurance Co.*, No. 2:11-cv-01507- KJD-RJJ, 2012 WL 4498226, at *4 (D. Nev. Sept. 28, 2012).  Thus, this court cannot further evaluate its relevancy.

The instant report and recommendation appropriately balances the equities to find that its proposed sanctions and conditions imposed on counsel are sufficient to proceed fairly.  (ECF No. 151).  Because the matters are not "substantially related," counsel has not violated Nevada RPC 1.9.  Disqualification of counsel is a drastic measure, and this court finds that it is not absolutely necessary.  *See FLS Trans. Servs., Inc. v. Casillas*, 3:17-cv-0013-MMD-VPC, 2017 WL 6043611, at *3 (D. Nev. Dec. 6, 2017).  Here, a lesser sanction is the appropriate remedy for counsel's unethical conduct.

Having reviewed the issues *de novo*, this court overrules plaintiff's objection and adopts the magistrate judge's report and recommendation in full.  (ECF No. 151).  Ultimately, the resolution of Rome & Associate's motion to withdraw as counsel will render moot many of the restrictions imposed here upon defendant's counsel, (ECF No. 153); however, the instant restrictions are sufficient to ensure that plaintiff is not prejudiced in these proceedings, and this court finds no issue with leaving them in place.

James C. Mahan
U.S. District Judge

- 3 -

1   Now, this court examines and grants Rome & Associate's motion to withdraw.  (ECF No.

2   153).  Pursuant to Nevada rule of Profession Conduct 1.16 and Local Rule IA 11-6, Rome &

3   Associates seeks to withdraw due to defendant's failure to pay its past legal bills.  (*Id.*).  This

4   court finds that no delay would be caused by counsel's withdrawal in light of defendant's other

5   counsel.  *See* LR IA 11-6(e).

6   Plaintiff does not oppose the instant motion for withdrawal, but requests that this court

7   retain jurisdiction over the firm in case this court decides to impose sanctions for its behavior.

8   (ECF No. 158).  Plaintiff also speculates on ulterior motives for Rome & Associates' withdrawal

9   and counterclaim defendant Payvision's separate actions.  (*Id.*).  This court declines plaintiff's

10  request upon such speculative accusations.  Having reviewed the record and parties' briefing

11  across the many pending motions in this matter, this court finds that simply granting the instant

12  motion to withdraw is appropriate and expedient for the resolution of this matter.

13  Accordingly,

14  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Cam Ferenbach's

15  report and recommendation (ECF No. 151) be, and the same hereby is, ADOPTED.

16  IT IS FURTHER ORDERED that Rome & Associates' motion to withdraw as counsel

17  for defendant (ECF No. 153) be, and the same hereby is, GRANTED.

18  DATED February 5, 2021.

19

20  UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 4 -