# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

T1 PAYMENTS LLC,

    Plaintiff,

vs.

BEYOND WEALTH PTE LLC,

    Defendant.

And related Claims

2:20-cv-01405-JCM-VCF

**Order**

MOTION TO AMEND [ECF No. 173]

Before the Court is plaintiff T1 Payments LLC's motion to amend. (ECF No. 173). The Court grants the motion: plaintiff has seven days to file the amended complaint.

**I.    Background**

On July 28, 2020, plaintiff T1 Payments file a complaint asking for declaratory relief against Beyond Wealth regarding money that T1 Payments allegedly owes Beyond Wealth pursuant to a card payment processing agreement: (ECF No. 1). T1 alleges that it only owes $1,536,658 (not $4,000,000) to Beyond Wealth with a due date of April 25, 2021 (not immediately). (*Id.*) Beyond Wealth brings fifteen counterclaims against T1 for (1) fraud, (2) conversion, (3) civil theft, (4) money had and received, (5) unjust enrichment, (6) negligent misrepresentation, (7) civil RICO (NRS 207.470), (8) civil RICO (federal), (9) business disparagement (10) tortious interference with contract, (11) tortious

1

interference with prospective economic relations, (12) breach of contract, (13) breach of the covenant of good faith and fair dealing, (14) declaratory relief, and (15) (additional) declaratory relief. (ECF No. 21). The deadline to amend pleadings and join additional parties, per the parties' stipulation, is June 30, 2021. (ECF No. 121).

Plaintiff now moves to amend its complaint. (ECF No. 173). Plaintiff argues that it has diligently moved to amend three months before the deadline based on new information it obtained during discovery. (*Id*. at 2). Plaintiff wants to add three new defendants: (1) Gregory Charles "Tuffy" Baum; (2) BlockOps, LLC; and (3) Travis Bott. (*Id*. at 7). Plaintiff also wants to add claims for (1) fraud (against all defendants); (2) civil conspiracy to commit fraud (against all defendants); (3) violation of Nevada Deceptive Trade Practices Act (against all defendants); (4) breach of contract (in the alternative, against Beyond Wealth PTE LLC, Tuffy Baum, and BlockOps LLC); (5) breach of implied covenant of good faith and fair dealing (in the alternative, against Beyond Wealth PTE LLC, Tuffy Baum, and BlockOps, LLC); and for (6) declaratory Relief (in the alternative, against Beyond Wealth PTE LLC). (*Id.* at 7-8).

Beyond Wealth argues that plaintiff seeks leave to amend to further delay this case and withhold Beyond's revenues. (ECF No. 178 at 2). Beyond Wealth also argues that the proposed new claims are frivolous. (*Id*.) Plaintiff argues in its reply that it has shown good cause to amend, and it has met the Ninth Circuit's liberal standard for allowing amended pleadings. (ECF No. 179 at 2).

**II. Discussion**

At this point in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality*." Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in

favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Courts are empowered to deny leave to amend based on the futility of the amendment. See e.g., *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

The plaintiff has not previously sought leave to amend the complaint. The plaintiff filed its motion for leave to file an amended complaint shortly after it discovered new information during discovery and months before the deadline to seek leave to amend pursuant to this Court's order. For example, plaintiff seeks to add BlockOps, LLC as a defendant (and potential alter-ego of Beyond Wealth) because it only learned of the company's existence during the parties' exchange of discovery. (ECF No. 179 at 5). The parties stipulated to the deadline to amend in the scheduling order, so the motion for leave to amend could not have been a surprise to Beyond Wealth. The Court finds that the plaintiff was diligent and has sought leave to amend in good faith. The Court finds that the defendant's futility arguments are better addressed through a motion to dismiss given the extreme liberality of

amendment promoted by Rule 15. The Court finds that the plaintiff has met the requirements for amendment pursuant to Rule 15.

Accordingly,

IT IS ORDERED that plaintiff T1 Payments LLC's motion for leave to amend its complaint (ECF No. 173) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until Wednesday, May 12, 2021 to file its amended complaint.

DATED this 5th day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE